IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| REBECCA A. FLETCHER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-05-CV-188-BD |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rebecca A. Fletcher seeks judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that she is disabled due to a personality disorder and multiple injuries sustained in an automobile accident on October 24, 2001. After her application for SSI benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on September 16, 2004. At the time of the hearing, plaintiff was 39 years old. She has a high school equivalency diploma with some college and past work experience as a janitor, a telemarketer, an enumerator, a ranch hand, an exotic dancer, and a bartender. Plaintiff has not engaged in substantial gainful activity since October 24, 2001.

The ALJ found that plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that plaintiff had a history of injuries in motor vehicle

accidents, alcohol and cannabis dependence, osteoarthritis in the shoulders and knees, and a personality disorder, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ further determined that plaintiff had the residual functional capacity to perform a wide range of sedentary to medium work that did not involve contact with the public, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a riveting machine operator, a laminator, and a bonder -- unskilled jobs that exist in significant numbers in the national economy.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal district court.

## II.

In her sole ground for relief, plaintiff argues that the assessment of her mental residual functional capacity is inconsistent with applicable legal standards and not supported by substantial evidence.

## A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993).  It is more than a scintilla but less than a preponderance.  *Richardson*, 91 S.Ct. at 1427.  The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837


F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations but is not presumptively disabled, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that

the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff challenges the assessment of her mental residual functional capacity, arguing that the nature and extent of her mental limitations preclude all meaningful work activity. In support of this claim, plaintiff relies on an evaluation performed by Dr. Leon Morris, a forensic and clinical psychologist. Dr. Morris observed that:

> The claimant presently appears to be in the depressed phase of a cyclic behavior pattern consisting of impulsive, self-defeating, antisocial, acting-out behavior followed by a period of exaggerated guilt and depression with a desire for change and self-improvement. However, this behavior patterns is likely to be chronic and highly resistant to change, and it suggests potential for substance abuse, legal difficulties, domestic problems, and erratic vocational functioning.

(Tr. at 204). According to Dr. Morris, plaintiff appeared to be "somewhat socially withdrawn" and was likely to have to have difficulty relating to other people. (*Id.*). Her judgment was "spotty" and her abstract reasoning ability was "only fair." (*Id.* at 205).

The ALJ fully discussed Dr. Morris's opinions, as well as the results of other consultative evaluations, in the hearing decision. (*Id.* at 14-15). In support of her mental residual functional capacity determination, the ALJ wrote:

> The claimant has no restrictions on activities of daily living due to her mental activities. She gets her children ready for school[,] does her housework, does her laundry, hangs up clothes, prepares meals, takes care of a cat, attends some football games, takes care of two children after school, attends church, and gets together with friends. . .
>
> The claimant has no more than "mild" difficulties maintaining social functioning. She expressed some anger toward men to the consultative psychologist. She plays cards with friends, shops, attends church some, takes care of children from another family, and goes to ball games.
>
> The claimant has no more than "moderate" difficulties with persistence and concentration with alcohol use, none to mild without the use of drugs or alcohol. She showed good concentration on testing. There is no evidence of difficulties with pace.
>
> There are no episodes of decompensation lasting for an extended duration. The claimant does not show evidence that [she] needs a highly supportive environment or is unable to function independently outside the home. The claimant can cope with limited change and increased mental demands.
>
> The claimant has no major areas of mental functioning limited to a "marked" degree.

(*Id.* at 16-17). The ALJ further found that plaintiff's subjective complaints of limitations and symptoms were not supported by the record and that her credibility was "poor." (*Id.* at 17).

These findings are consistent with the objective medical evidence of record. Dr. Jack Tomlinson, a licensed psychiatrist, evaluated plaintiff in June 2002 and concluded that her mental

status was essentially normal. (*Id.* at 170). His psychiatric evaluation yielded no definitive diagnosis and resulted in a Global Assessment of Functioning ("GAF") rating of 70.[1] (*Id.*). Dr. Frank W. Zimmerman, a state agency physician who conducted a psychiatric review in February 2003, found that plaintiff did not exhibit any limitations in the activities of daily living, social functioning, or maintaining concentration, persistence and pace. (*Id.* at 227). No repeated episodes of decompensation were noted. (*Id.*). Dr. Zimmerman concluded that the alleged limitations caused by plaintiff's mental symptoms "are not fully supported by medical and other evidence," an opinion shared by Dr. Morris. (*See id.* at 204 & 229). Even plaintiff acknowledged that she was able to perform many routine activities. At the administrative hearing, plaintiff testified that her mental limitations do not prevent her from managing her household, caring for two children from another family, and socializing with friends. (*See id.* at 33-35). Such evidence undermines plaintiff's argument that the severity of her mental limitations precludes all substantial gainful activity.

Plaintiff also criticizes the ALJ: (1) for failing to incorporate the limitations regarding her "spotty" judgment and "fair" abstract reasoning ability into the hypothetical posed to the vocational expert; and (2) for not explaining the reasons for implicitly rejecting such limitations. The court finds no error in this regard. All of the jobs which the ALJ found that plaintiff could perform involve unskilled work. Unskilled work, by definition, requires little or no judgment or abstract reasoning ability. *See* SSR 83-10, 1983 WL 31251 at *7 (1983) ("Unskilled work is work which

---

[1] GAF is a standardized measure of psychological, social, and occupational functioning used in assessing a patient's mental health. *See Boyd v. Apfel*, 239 F.3d 698, 700 n.2 (5th Cir. 2001); *Evans v. Commissioner of Social Security Administration*, No. 1-01-CV-229, 2003 WL 1831111 at * 7 n.13 (E.D. Tex. Jan. 17, 2003). The GAF scale ranges from 100, denoting superior functioning, to 1, indicating that the patient is in persistent danger of severely hurting herself or others, has a persistent inability to maintain minimal personal hygiene, or has engaged in a serious suicidal act with a clear expectation of death. *Brown v. Barnhart*, 285 F.Supp.2d 919, 924 n.7 (S.D. Tex. 2003). A GAF score of 61 to 70 indicates "[s]ome mild symptoms (*e.g.* depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (*e.g.* occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." *Hernandez v. Barnhart*, No. SA-04-CA-0891, 2005 WL 2662555 at *7 n.90 (W.D. Tex. Oct. 17, 2005), *quoting* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* (DSM-IV-TR) at 34 (4th ed. 2000).

needs little or no judgment to do simple duties that can be learned on the job in a short period of time."); SSR 85-15, 1985 WL 56857 at *4 (1985) ("The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."). To the extent the ALJ should have addressed plaintiff's limitations with respect to judgment and abstract reasoning ability, such error was harmless.

## CONCLUSION

Having reviewed the record, the court finds that the ALJ's decision denying plaintiff's application for supplemental security income benefits is consistent with applicable legal standards and supported by substantial evidence. Accordingly, the hearing decision is affirmed in all respects.

SO ORDERED.

DATED: November 22, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE